UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISON

EDWARD SCHULTZ                                                                                      PLAINTIFF

v.                                                                                CIVIL ACTION NO. 1:23-CV-139-GNS

COMMONWEALTH OF KENTUCKY *et al.*                                             DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action. Plaintiff Edward Schutlz has filed a motion for leave to proceed *in forma pauperis*. Upon review, **IT IS ORDERED** that this motion (DN 3) is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

### I.

Plaintiff sues the Commonwealth of Kentucky; Monroe County Attorney Wesley Stephens (acting as prosecutor); and Monroe County Sheriff's Department Officers Jesse England and Rick Richardson. Plaintiff sues Defendants Stephens, England, and Richardson in their individual capacities only.

Plaintiff states that he is bringing the following claims against these Defendants:

Count I)       42 U.S.C § 1983: False Arrest
Count II)      42 U.S.C. § 1983: Due Process/Brady Violation
Count III)     State law Claim: False Imprisonment
Count IV)      42 U.S.C. § 1983: Conspiracy to Commit Constitutional Violations
Count V)       State Law Claim: Malicious Prosecution
Count VI)      State Law Claim: Assault and Battery

Plaintiff makes the following allegations in the complaint:

On 10-26-22 I was exercising my rights to film my servants in their course of duties in a public space. When I entered Monroe County Justice Center I was told by B. COE (security) I would not be allowed to film in the lobby I tried

explaining that it was my constitutional right they decided to call the police Assistant Chief Jesse England showed up moments later. I asked him for identity he refused, I once again tried to explain that it was a protected activity Jesse England then expressed that if I didn't leave I would be placed under arrest for trespassing. I said then arrest me and he did so without incident.

Plaintiff next states that he was released on bond with an ankle monitor on November 1, 2022. He then alleges that Defendant Richardson pinned him against a window at the courthouse on November 15, 2023, because Plaintiff did not turn his phone off when Defendant Richardson instructed him to do so. Finally, Plaintiff states that despite "several notices to the county attorney they have kept me on house arrest and are still pressing this Malicious Prosecution."

As relief, Plaintiff asks the Court to rule in his favor on the notices he has filed with the "Monroe County Justice Center."

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review this action under 28 U.S.C. § 1915(e)(2). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as

2

true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Defendant Commonwealth of Kentucky

Plaintiff cannot bring suit against the Commonwealth of Kentucky. A state, its agencies, and its officials are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State*

*Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the Commonwealth. The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments," *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993), unless Congress has validly abrogated the state's immunity or the state has waived its immunity. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 726 (2003); *Alabama v. Pugh*, 438 U.S. 78l, 782 (1978). Kentucky has not waived its immunity in this action, and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, (1979)).

Thus, the Court will dismiss Plaintiff's claims against the Commonwealth of Kentucky for failure to state a claim upon which relief by granted.

### B. Defendant County Attorney

Plaintiff indicates that Defendant Stephens, whom Plaintiff sues in his individual capacity only, is the prosecutor in Plaintiff's state-court action. It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Because Plaintiff's allegations against Defendant Stephens seem to be based upon his failure to dismiss Plaintiff's case or otherwise pertain to the judicial phase of the state-court criminal proceedings against him, Plaintiff's claims against Defendant Stephens are barred by prosecutorial immunity and must be dismissed.

### C. § 1983 Claims

#### 1. False Arrest

Upon consideration, <u>the Court will allow a Fourth Amendment false-arrest claim to proceed against Defendant England in his individual capacity</u>. In allowing this claim to proceed, the Court passes no judgment upon its merit or the ultimate outcome of this action.

#### 2. Due Process/Brady Violation

Plaintiff does not make any allegations regarding this claim. Thus, it must be dismissed for failure to state a claim upon relief may be granted.

#### 3. Conspiracy

A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity; vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's conspiracy claim is vague and conclusory. He does not specifically allege that any Defendant conspired, or formed a plan with, anyone else to violate Plaintiff's constitutional

rights. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### 4. Excessive Force

Although Plaintiff does not claim that Defendant Richardson used excessive force against him, the Court broadly construes Plaintiff's allegation that Defendant Richardson pinned him against a window at the Monroe County Courthouse when Plaintiff refused to turn off his phone as an excessive-force claim. Since Plaintiff appears to be awaiting trial on home incarceration, the Court will analyze the excessive-force claim under the Fourth Amendment. *See e.g., Pethtel v. W. Virginia State Police*, 568 F. Supp. 2d 658, 667 (N.D. W.Va. 2008) (analyzing an excessive-force claim for a defendant who escaped house arrest while awaiting trial under the Fourth Amendment); *Miller v. City of Columbus*, No. 2:05-CV-425, 2007 U.S. Dist. LEXIS 21168, at *31-32 (S.D. Ohio Mar. 26, 2007) (applying the Fourth Amendment's objective reasonableness standard and noting that other federal appellate and district courts have not applied the Eighth Amendment to persons who are not incarcerated or imprisoned at the time of the encounter despite the plaintiff's status as a parolee).

"At a minimum, 'under the Fourth Amendment's reasonableness standard, excessive force claims generally require at least *de minimis* physical injury.'" *Youngblood v. City of Paducah*, No. 5:15-CV-00060-TBR, 2016 U.S. Dist. LEXIS 60199, at *12 (W.D. Ky. May 6, 2016) (quoting *Rodriguez v. Passinault*, 637 F.3d 675, 687 (6th Cir. 2011)). "The point of the *de minimis* rule is to make it clear that the Constitution does not become a 'font of tort law' that the federal courts 'superimpose[ ] upon whatever systems' the States already have." *Leary v. Livingston Cnty.*, 528 F.3d 438, 445 (6th Cir. 2008) (quoting *Paul v. Davis*, 424 U.S. 693, 701 (1976)). "Otherwise, every minor touching would become actionable, blurring the lines between

6

the state courts' enforcement of their tort laws and the federal courts' enforcement of the Constitution." *Id*.

Based upon this jurisprudence, because Plaintiff has not alleged that Defendant Richardson's actions caused him any injury, the Court will dismiss any excessive-force claim against Defendant Richardson for failure to state a claim upon which relief may be granted.

### D.  State-Law Claims

Based upon Plaintiff's allegations, <u>the Court will allow a state-law false-imprisonment claim to proceed against Defendant England and a state-law assault and battery claim to proceed against Defendant Richardson in his individual capacity</u>.

As to Plaintiff's state-law malicious prosecution claim, Kentucky law requires termination of the proceeding in favor of the accused to allege a state-law malicious prosecution claim.  *Ward v. Borders*, No. 3:16-CV-393-RGJ, 2021 U.S. Dist. LEXIS 188983, at *23 (Sept. 30, 2021) (citing *Martin v. O'Daniel*, 507 S.W.3d 1, 11-12 (Ky. 2016)).  Thus, because Plaintiff has not alleged that the relevant state criminal proceedings against him have been terminated in his favor, this claim must also be dismissed for failure to state a claim upon which relief may be granted.

### E. Injunctive Relief

Finally, the Court turns to Plaintiff's request that the Court rule in his favor on motions Plaintiff has filed in his state-court criminal action. The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v.*

*Cox*, 524 F.3d at 775). The Commonwealth of Kentucky has an important interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Kentucky state appeals process. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere in the ongoing Kentucky state-court criminal proceedings against Plaintiff.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against the Commonwealth of Kentucky and Defendant Wesley Stephens, his constitutional claims based upon due process/Brady violations, conspiracy, and excessive force, his state-law malicious prosecution claim, and his request for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED to terminate the Commonwealth of Kentucky and Wesley Stephens as parties to this action**.

The Court will enter a separate Service and Referral Order to govern the development of this action.

Date: December 15, 2023

Greg N. Stivers, Chief Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants England and Richardson
      Monroe County Attorney
4416.011