UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00139-GNS-HBB

EDWARD SCHULTZ                                                                                           PLAINTIFF

v.

JESSE ENGLAND et al.                                                                                  DEFENDANTS

## ORDER

On the Service and Referral Order entered in this case on December 15, 2023, Plaintiff was expressly warned of the importance of keeping the Court informed of any address changes and that the failure to comply could result in this matter being dismissed for lack of prosecution. (Service & Referral Order 2-3, DN 5). On August 14, 2024, the Court ordered Plaintiff to respond to Defendant's pending summary judgment motion (DN 15) after Plaintiff failed to respond. (Order 1, DN 18). That most recent order, however, was returned to the Court as undeliverable.

Fed. R. Civ. P. 41(b) authorizes the involuntary dismissal of a lawsuit if a plaintiff fails to prosecute or comply with a court order. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980))). Although federal courts afford pro se litigants some leniency on matters that require legal sophistication like formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons—particularly when there is a pattern of delay or failure to pursue a case. *See id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent

power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link*, 370 U.S. at 630-31).

By failing to provide the Court with his most current address, Plaintiff has failed to prosecute his claims in this action. Because Plaintiff has been previously warned of the consequences of failing to provide a current address, this case will be dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's lack of prosecution of this matter, and Defendant's Motion for Summary Judgment (DN 15) is **DENIED AS MOOT**. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 30, 2024

cc:   counsel of record
      Edward Schultz, *pro se*